**WAYNE GREENWALD, P.C.**  Hearing Date: June 8. 2018
*Attorneys for the Creditor*  Hearing Time: 10:00 a.m.
*Edith & Partners, LLC*
**475 Park Avenue South - 26th Floor**
**New York, New York 10016**
**212-983-1922**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re                                                                          Case No. 18-42786-ESS
                                                                                    Chapter 11
**303 DEAN REALTY, INC.,**

                                **Debtor.**
-------------------------------------------------X

**RESPONSE OF EDITH & PARTNERS, LLC , TO THE DEBTOR'S MOTION SEEKING ORDERS AUTHORIZING THE USE OF CASH COLLATERAL**

**TO:  HON. ELIZABETH S. STONG**
         **UNITED STATES BANKRUPTCY JUDGE**

Edith & Partners, LLC (the "E&P"), by its attorneys, represents:

## PRELIMINARY STATEMENT

1. E&P submits this response to the Debtor's motion for authority to use its cash collateral (the "Motion")

2. E&P does not object to the Debtor using cash collateral.

3. E&P does not object to the adequate protection being provided for the use of cash collateral.

4. E&P has issues with size of the proposed "carve out" for the Debtor's professionals and its purposes.

## THE ISSUE WITH THE CARVE OUT

**Funding of Case**

5. This case is a single asset real estate case.

6. The proposed "carve out" is for $100,000.

7. That's a lot of money for professional fees in this case for a brief period.

8. In essence, the Debtor wants its secured creditors to absorb the financial risk of an unsuccessful case.

9. The Debtor and its professionals are moving their risk to the Debtor's secured creditors.

10. The unfairness is obvious.

**Funding the Debtor's Wars**

11. The Debtor's local rule declaration and the notice of removal of the state court action show this case's purpose is not reorganization.

12. Its purpose is forum shopping the pending state court litigation to the Bankruptcy Court.

13. The Debtor wants its secured creditors to fund that litigation against the creditors with their own collateral.

14. It is absurd wishful thinking.

15. Any carve out for professional fees should be limited for fees related to the reorganization process, not litigation.

## THE ISSUE WITH THIS CASE

16. The Debtor's acts and statements show this case is about litigating state claims in a new forum.

17. It is not about reorganization.

18. E&P sees this case as a bad faith filing, to jockey for an advantage in pending state court litigation.

19. E&P does not object to the use of cash collateral solely because there is equity in the real estate to protect E&P's liens.

20. E&P could be forced to accept the Debtor using its cash collateral.

21. However, E&P need not be subjected to its cash collateral being used against its interests.

22. E&P intends to move to dismiss this case, as a bad faith filing.

23. E&P accepting the use of its cash collateral should not be seen or considered to be E&P consenting to this case.

**WHEREFORE**, E&P asks that the Court issue orders: a.) determining the Motion consistent with this response; and b.) granting such other and further relief as the Court deems proper.

Dated: New York, NY
      June 4, 2018

    WAYNE GREENWALD, P.C.
    *Attorneys for Secured Creditor*
    *Edith & Partners, LLC*
    475 Park Avenue South - 26th Floor
    New York, New York 10016
    (212) 983-1922

    By  /s/ Wayne M. Greenwald   Pres.
        Wayne M. Greenwald