| | |
|---|---|
| **KRISS & FEUERSTEIN LLP**<br>360 Lexington Avenue, Suite 1200<br>New York, NY 10017<br>Jerold C. Feuerstein, Esq.<br>Jason S. Leibowitz, Esq.<br>(212) 661-2900<br>(212) 661-9397 - facsimile | Hearing Date: June 8, 2018: 10:00 a.m. |

*Attorneys for 303 Dean Street Lender LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>303 DEAN REALTY INC.,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 1:18-42786-ess<br><br>Hon. Elizabeth S. Stong<br>United States Bankruptcy Judge |

---------------------------------------------------------------x

## LIMITED OBJECTION TO DEBTOR'S CORRECTED APPLICATION FOR INTERIM ORDER UNDER TO 11 U.S.C. §§ 105, 361 AND 363 AND FED. R. BANKR. P. 4001 AUTHORIZING DEBTOR TO USE CASH COLLATERAL; GRANTING ADEQUATE PROTECTION TO LENDERS; AND SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)

303 Dean Street Lender LLC (the "Secured Creditor"), a secured creditor and mortgagee of the above-named debtor, 303 Dean Realty Inc. (collectively, the "Debtor") and interested party to this Chapter 11 Case, by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this response and Limited Objection (the "Objection") to the Debtor's Corrected Application for Interim Order Under 11 U.S.C. §§ 105, 361 and 363 and Fed. R. Bankr. P. 4001, Authorizing Debtor to Use Cash Collateral; and Granting Adequate Protection to Lenders; and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(B) filed on May 31, 2018 [ECF No. 16] (the "Motion") in connection with that certain real property commonly located at 303 Dean Street, Brooklyn, New York (the "Property"), and respectfully submits as follows:

## BASIS FOR LIMITED OBJECTION

1.  While the Secured Creditor does not object to the Debtor's desire to utilize the Secured Creditor's cash collateral in this single asset real estate case *per se*, the Secured Creditor does object to what appears to be the Debtor's attempt to obtain unfettered discretion over the utilization of the Secured Creditor's cash collateral.

2.  Specifically, and as set forth in the objection to the Debtor's Motion filed by second mortgagee Edith & Partners LLC ("Edith") on June 4, 2018 [ECF No. 21] ("Edith Objection"), the Debtor's Three Month Weekly Budget (the "Budget"), annexed hereto as **Exhibit "A"**,[1] indicates that in order to fund its counsel's estimated legal fees of $5,000.00 per month, the Debtor anticipates to be operating at a deficit during the next nine (9) out of twelve (12) weeks.

3.  The Debtors concede in the Cash Collateral Motion, as they must, that the post-petition use of a secured creditor's collateral is expressly conditioned upon either obtaining the secured party's consent thereto or providing the secured party adequate protection of its interests in such collateral. Pursuant to § 361 of Title 11 of the United States Code (the "Bankruptcy Code"), adequate protection may include, among other things: (i) periodic cash payments, (ii) post-petition liens on the same collateral on which the secured party held a lien prepetition and/or additional collateral, and (iii) the "indubitable equivalent" of the secured party's interest in such property. *See* 11 U.S.C. § 361.

4.  The purpose of adequate protection is to ensure that the secured party receives the value for which it bargained prepetition. *See In re Swedeland Dev. Group Inc.*, 16 F.3d 552, 564

(3rd Cir. 1994); *Martin v. United States (In re Martin)*, 761 F.2d 472, 476 (8th Cir. 1985) (in response to the debtor's request for non-consensual use of cash collateral, court stated that "a debtor, in structuring a proposal of adequate protection for a secured creditor, should as nearly as possible under the circumstances of the case provide the creditor with the value of his bargained for rights") (internal quotation marks and citations omitted); *In re Phoenix Steel Corp.*, 39 B.R. 218, 224 (D. Del. 1984) ("The concept of adequate protection does not envision a court stripping a secured creditor of the benefit of its bargain ... [and] the purpose of the section is to insure that the secured creditor receives in value essentially what he bargained for.") (internal quotation marks and citations omitted); *In re Coventry Commons Assocs.*, 149 B.R. 109, 114 (Bankr. E.D. Mich. 1992) (stating that the "traditional and unremarkable adequate protection law" embodied in § 361 of the Bankruptcy Code requires a debtor to protect a creditor with cash payments, replacement liens or other indubitable equivalent value to compensate the secured creditor for the decrease in value of the secured creditor's interest in property as a result of the debtor's usage of cash collateral).

5. The Debtor bears the burden of proving the sufficiency of adequate protection required to be provided under the Bankruptcy Code. *See* 11 U.S.C. §§ 362(g)(2) §§ 363(p)(1). To satisfy its burden, the Debtor's proof of adequate protection must be premised on facts or projections with a firm evidentiary basis, as opposed to mere speculation. *See In re Mosello*, 195 B.R. 277, 294 (Bankr. S.D.N.Y. 1996); *Save Power Ltd. v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.)*, 193 B.R. 713, 716-17 (Bankr. D. Del. 1996).

6. Notwithstanding the fact that the Debtor's Motion sets the stage for a lengthy

---

[1] Annexed to the Debtor's Motion as Exhibit "G".

litigation with the Secured Creditor (and also with Edith),[2] it is unreasonable for the Debtor to assume that it should be entitled to utilize the Secured Creditor's collateral and cash collateral to amass a war chest for the purposes of litigating over its perceived claims and defenses with respect to the Secured Creditor (and/or Edith) when (a) the Debtor does not deny that it duly executed and delivered the first lien position mortgage to the Secured Creditor that provided the terms which guides the parties (and upon which the Debtor is in default), and (b) the Debtor provides a razor thin budget (with only $1,808.85 remaining for any unforeseen obligation of the Debtor during the interim period) upon which it is operating in order to fund that war chest.

7. In the event that the Debtor has failed to budget for such basic items as income taxes (which are not included in the Debtor's Budget) or additional cash due other creditors of its estate (Edith), the Debtor will be not only operating at a deficit for the sake of litigating with the Secured Creditor (and possibly Edith) but will be utilizing the Secured Creditor's cash collateral to do so.  This is unreasonable and should not be countenanced.

8. In furtherance of working with the Debtor and its creditors, the Secured Creditor has edited the Debtor's Proposed Interim Order with its (redline) comments and edits that would render the Debtor's Motion and Proposed Interim Order acceptable to the Secured Creditor at this stage of this case, and annexed a copy hereto as **Exhibit "B"**.

---

[2] Although the Debtor's Motion provides at ¶ 27, that the Debtor, as single asset real estate (pursuant to 11 U.S.C. § 101(51B)), intends to comply with its obligations by either disposing of claims against the Debtor's estate or filing a

4

**WHEREFORE**, based on the foregoing, the Secured Creditor respectfully requests that this Court enter an Order substantially in accordance with the terms the edits made by the Secured Creditor of the Debtor's Proposed Interim Order, and grant such other and further relief as this Court deems just and proper.

Dated: June 7, 2018
      New York, New York                      **KRISS & FEUERSTEIN LLP**

                                      By:    */s/ Jason S. Leibowitz*
                                              Jason S. Leibowitz
                                              360 Lexington Avenue, Suite 1200
                                              New York, New York 10017
                                              (212) 661-2900

                                              *Attorneys for 303 Dean Street Lender LLC*

---

plan that complies with § 363(d)(3)(B)(i), it would appear that the Debtor actually meant to indicate its compliance with § 362(d)(3)(B)(i).