Rosen, Kantrow & Dillon, PLLC
*Attorneys for Debtor-In-Possession*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen

UNITED STATES BANKRUPTCY COURT     **Return Date:**
EASTERN DISTRICT OF NEW YORK     **Hearing Time:**
-------------------------------------------------------x
In re:     Chapter 11

      303 DEAN REALTY INC.,     Case No.: 18-42786-ess

               Debtor.
-------------------------------------------------------x

## DEBTOR'S SECOND AMENDED PLAN
## OF REORGANIZATION

     303 DEAN REALTY INC., debtor and debtor-in-possession (the "Debtor") proposes the following Second Amended Plan of Reorganization (the "Plan") pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code").

    **1.**     **DEFINITIONS**

     For purposes of this Plan, the following terms shall have the respective meanings as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires).

     1.1)     Administration or administrative claim or claims - Any cost or expense of administration of the Chapter 11 case allowed under Section 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of operating the business of the Debtor, and all allowances of compensation or reimbursement of expenses for legal or other professional services to the extent allowed by the Bankruptcy Court under Sections 327, 330, 331 and 503 of the Bankruptcy Code.

     1.2)     Allowed administrative or administration claim or claims - All or that portion of any administrative or administration claim which is an allowed claim.

     1.3)     Allowed claim - Any claim or portion of a claim (a) which is scheduled by the Debtor pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code (other than a disputed claim); or (b) proof of which had been timely filed with the Bankruptcy Court pursuant to Section 501(a) of the Bankruptcy Code or on or before the date designated to the Court as the last date for filing Proofs of Claim, and with respect to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy

Code, Bankruptcy Rules or by an Order of the Court; or (c) which, after objection thereto, has been allowed in whole or in part by a Final Order.

1.4) <u>Allowed priority claim</u> - All or that portion of an allowed claim entitled to priority under Sections 507(a)(3), (4), (6) and (8) of the Bankruptcy Code.  Except as may be allowed by the Court in the case of an Allowed Priority Claim under Section 507(a)(8) of the Bankruptcy Code, any interest on such claim which accrued after the filing date, shall  be part of the allowed priority claim.

1.5) <u>Allowed secured claim</u> - All or that portion of any allowed claim that is secured by a valid enforceable lien on the property of the Debtor, to the extent of the value of such property, as determined by agreement between the Debtor and the holder of such allowed secured claim or by the Court by a Final Order pursuant to Section 506 of the Bankruptcy Code.

1.6) <u>Allowed unsecured claim</u> - Any allowed claim that is not an allowed administrative claim, an allowed priority claim or an allowed secured claim.  Interest accrued after the filing date shall be a part of any allowed unsecured claim.

1.7) <u>Allowed Insider claim</u> - Any allowed claim of loans made by members of Debtor or by affiliates of Debtor to the Debtor pre-petition.  Interest accrued after the filing date shall be a part of any allowed insider claim.

1.8) Intentionally Omitted.

1.9) <u>Available cash</u> - All cash of the Debtor, over and above the reserve fund, on the distribution date or on any further distribution date.  Available cash shall include but not be limited to:  (a) any net proceeds recovered by the Debtor, of an avoided preferential transfer or fraudulent conveyance pursuant to the Bankruptcy Code; (b) any net proceeds recovered by the Debtor, from Insiders or any entity in which Insiders were or are affiliated; (c) any net proceeds realized from the sale or liquidation of the assets or property of the Estate or the Debtor; and (d) any additional sums contributed by the Debtor and available for distribution.

1.10) <u>Bankruptcy Code</u> - The Bankruptcy Reform Act of 1978 (11 U.S.C. Sections 101, <u>et</u>. <u>seq</u>.), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. No. 98-353) and, as applicable to cases filed before its enactment, the Bankruptcy Reform Act of 1994 (P.L. 103-394), and, as applicable, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and Title 11 of the United States Code, as amended.

1.11) <u>Bankruptcy Rules</u> - The Rules of Bankruptcy Procedure as applicable to cases under Title 11 of the United States Code.

1.12) <u>Business day</u> - Any day other than a Saturday, Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

1.13)  Chapter 11 - Chapter 11 of Title 11 of the United States Code.

1.14)  Chapter 11 case - In re: 303 DEAN REALTY INC., Case No. 18-42786-ess currently pending in this Court.

1.15)  Claim - A claim against the Debtor as defined in Section 101(5) of the Bankruptcy Code.

1.16)  Claimant - The holder of a claim.

1.17)  Class - A class of holders of Allowed Claims described in Section 2 of this Plan.

1.18)  Intentionally Omitted.

1.19)  Confirmation - Entry of an order by the Court approving the Plan in accordance with Chapter 11.

1.20)  Confirmation date - The date upon which the Court enters an order confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.21)  Confirmation order - The order entered by the Court confirming the Plan in accordance with Chapter 11.

1.22)  Court - The United States Bankruptcy Court for the Eastern District of New York or such other court as may have jurisdiction over the Debtor's Chapter 11 case.

1.23)  Creditor - Any person having a claim against the Debtor that arose on or before the Petition Date or a claim against the Debtor's estate of a kind specified in Sections 502(g), (h) or (i) of the Bankruptcy Code.

1.24)  Debtor - 303 DEAN REALTY INC.

1.25)  Disallowed claim - Any claim or portion thereof that has been disallowed by the Court by a Final Order.

1.26)  Disputed claim - (a) any Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtor as disputed, contingent or unliquidated; or (b) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated or contingent; or (c) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code and as to which an objection to the allowance thereof has been interposed within the time limitation by the Bankruptcy Code and Bankruptcy Rules by an Order of the Court, or by this Plan, which objection has not been determined, in whole or in part by a Final Order.

1.27)  Omitted.

Case 1-18-42786-ess    Doc 76-1    Filed 12/14/18    Entered 12/14/18 18:42:55

    1.28)   <u>Effective date</u> - Upon: (i) the Confirmation Order becoming a final order; or (ii) such time as the Debtor elects within ten (10) business days thereafter..

    1.29)   <u>Entity</u> - Defined at Section 101(15) of the Bankruptcy Code.

    1.30)   <u>Exempt Taxes</u> - Any and all stamp, transfer, mortgage recording, and other taxes to which the exemption contained in Section 1146(a) of the Bankruptcy Code is applicable, including, without limitation, the New York State Real Estate Transfer Tax and Mortgage Recording Tax, Mansion Tax, and New York State and any County Sales Tax, and the City of New York Transfer and Mortgage Recording Tax.

    1.31)   <u>Final Order</u> - An order or judgment as to which order or judgment (or any revision, modification or amendment thereof): (a) the time to appeal has expired and as to which no appeal has been filed; or (b) an order or judgment which has been appealed, has been affirmed on appeal and as to which the time for further appeal has expired.

    1.32)   <u>Further distribution date</u> - The date distributions that are made subsequent to the distribution date defined above.

    1.33)   <u>Insider</u> - Defined at Section 101(31) of the Bankruptcy Code.

    1.34)   <u>Plan</u> - This Chapter 11 Plan of Reorganization as modified or amended from time to time as and to the extent permitted herein or by Bankruptcy Code.

    1.35)   <u>Professional person</u> - Defined at Section 327(a) of the Bankruptcy Code.

    1.36)   <u>Property</u> - shall refer to the Debtor's property as listed in its Schedules to its Bankruptcy Petition.

    1.37)   <u>Pro-rata</u> - With respect to an amount of cash to be paid or distributed on a particular claim, the ratio, as of such date, of the then outstanding amount of such allowed claim of such claimant in the particular class, to the aggregate of allowed claims and disputed claims in the particular class.

    1.38)   <u>Reserve fund</u> - Shall be a fund which shall be established by the Debtor after the confirmation date, which shall be equal to a sum sufficient to pay (i) disputed claims which would have been paid under the Plan but for the dispute as either claimed by the creditor or determined by the Court, any funds held for this purpose shall be held in either (a) an escrow account of Debtor's counsel, or (b) in a bank account at a financial institution that is an authorized depository in the Eastern District of New York; and (ii) estimated fees of the Debtor's counsel and accountants, which will be incurred subsequent to the confirmation date.

    1.39)   <u>Statutory Fees</u> - All fees and charges assessed against the Debtor's estate pursuant

to Section 1930 of Title 28 of the United States Code.

## 2. CLASSIFICATION OF CLAIMS AND INTERESTS

2.1) <u>Statutory Claims</u>.    The claims of the Office of the United States Trustee, pursuant to statute, 28 U.S.C. § 1930(a)(6) is included as a Statutory Claim.  All outstanding quarterly fees and any applicable interest owed to the Office of the United States Trustee shall be paid in full on the Effective Date of the Plan.  In addition, the Debtor shall continue to incur and pay quarterly fees and any applicable interest until the entry of the "Final Decree" or dismissal or conversion whichever occurs first.  Unpaid United States Trustee's fees accrue interest that is an expense of the Estate.  The Debtor shall comply with the reporting requirements of the office of the United States Trustee until the entry of a Final Decree and shall file quarterly reports on January 15, April 15, July 15 and October 15 of each year until entry of a Final Decree.

2.2) <u>Administrative Expense Claims</u>.    Administrative Expense Claims are not classified under the Plan in accordance with Section 1123(a)(1) of the Bankruptcy Code.  Each Allowed Administrative Expense Claim shall be paid in full in Cash on the later of: (a) the Effective Date; or (b) in the event such Administrative Expense Claim is not Allowed as of the Effective Date, the date on which the Bankruptcy Court enters an order allowing such Administrative Expense Claim; or (c) such later date as the Debtor (or, if it is after the Effective Date, the Post-confirmation Debtor) and the Holder of such Allowed Administrative Expense Claim otherwise agree in writing, or as soon thereafter as is practicable; *provided, however*, that Allowed Administrative Expense Claims incurred by the Debtor or the Post-confirmation Debtor after the Confirmation Date, including, without limitation, claims for Professionals' Fees, shall not be subject to application and may be paid by the Debtor or the Post-confirmation Debtor, as the case may be, in the ordinary course of business and without further Bankruptcy Court approval.

2.3)    Any Claimant seeking allowance of an Administrative Expense Claim for an Administrative Expense Claim the amount of which is not agreed to in writing by the Debtor or the Post-confirmation Debtor and the Claimant, or otherwise Allowed by a Final Order, <u>must</u> file proof of its Administrative Expense Claim with the Bankruptcy Court and serve a copy thereof upon: (a) Debtor's counsel, Rosen , Kantrow & Dillon, PLLC, Attn: Avrum J. Rosen, Esq.; and (b) the Office of the United States Trustee, no later than fifteen (15) days following the Confirmation Date; *provided, however*, that with respect to any such timely filed Administrative Expense Claim, such Claim shall be Allowed only if: (i) the amount is agreed to in writing by the Debtor or the Post-confirmation Debtor and such Claimant; (ii) no objection to the allowance thereof is interposed by the Debtor or the Post-confirmation Debtor on or before thirty (30) days after the Effective Date, or such other date as may be established by the Bankruptcy Court; or (iii) if an objection is interposed: (1) such Administrative Expense Claim has been allowed by a Final Order; or (2) such objection is withdrawn.  With respect to Claimants seeking allowance of Professional Fees as Administrative Expense Claims, all applications for final compensation of Professionals for services rendered and for reimbursement of expenses incurred for any period prior to the Confirmation Date must be filed no later than thirty (30) days following the

Confirmation Date, and shall be deemed Allowed following entry by the Bankruptcy Court of any final order or orders allowing same.

    **3.**    **THE ALLOWED CLAIMS**

**Treatment of Priority Tax Claims**

Priority Tax Claims.
New York State Department of Taxation and Finance has filed a Priority Tax Claim in the amount of 269.59. The Internal Revenue Service has filed a Priority Tax Claim in the amount of $1,989.08. Debtor reserves its rights to object to these Claims. The Allowed Priority Claims shall be paid by Debtor on the Effective Date with statutory interest.

**The Allowed Claims against the Debtor are divided into the following classes:**

    Class 1.    Class 1 consists of the Allowed Secured Claim of DSL, which is secured by a mortgage lien against the Real Property.

    Class 2.    Class 2 consists of the alleged Secured Claim of ~~Edith~~ Edith and Partners, LLC ("Edith")

    Class 3.    Class 3 consists of all Allowed General Unsecured Claims.

    Class 4.    Class 4 consists of all Insider Claims.

    Class 5.    Class 5 consists of all Interests.

**Treatment of Claims and Interests**

Class 1:  Secured Claim of DSL

Treatment.  Class 1 consists of the Allowed Secured Claim of DSL. DSL filed a secured claim for $1,968,105.48 plus alleged post-petition default rate interest.  DSL and the Debtor have reached a resolution of DSL's Claim, which will result in DSL having an Allowed Secured Claim of $1,700,000.00 as of the Effective Date. That Claim shall be an Allowed Secured Claim in the amount of $1,700,000.00 and the lien shall continue in place as a first priority lien, which shall prime any existing liens or claims against the Real Property and shall be paid as an Amended and Restated Note and Mortgage and Security Agreement ("New Loan") mortgage, which shall have the following material terms:

6

a. Debtor and DSLwill enter into a New Loan to restructure the subject mortgage loan between the Debtor and the Secured Creditor (the "New Loan"), which recapitalize the existing indebtedness and will require a new closing on or about the Effective Date.

b. The New Loan shall be for a maximum term of eighteen (18) months, with no prepayment fee. The New Loan shall be a first priority loan on the property and all other mortgages on the Real property shall be discharged as of record and be released as liens.

c. In event of Default under the New Loan, the DSL shall be entitled to default interest at a rate of 24%.

d. Debtor shall waive all claims and defenses related to theDSL, the DSL's loan, including note, mortgage, lien and claim.

e. The interest rate and monthly payments shall be paid as set forth below:

| Principal balance $1,700,000.00 | | 8% | 10% | 12% |
|---|---|---|---|---|
| Per Diem | | $377.78 | $472.22 | $ 566.67 |
| 6 months –amount owed | | $68,000.00 | | |
| 12 months-amount owed | | | $170,000.00 | |
| 18 months-amount owed | | | | $306,000.00 |
| Monthly Accrual | | $11,333.33 | $14,166.67 | $17,000.00 |
| Monthly Payment (6%) | | $8,500 | $8,500 | $8,500 |

f. The New Loan shall be guaranteed by Dawn Foster, who shall also become the Confirmed Debtor's sole member and its managing member.

g. All prior Guarantors on the DSL Note and Mortgage shall be released from all liability. And general releases shall be exchanged between the Debtor and DSL on all claims arising from the prior mortgage. The DSL's Counter Claim for foreclosure shall be withdrawn in the pending foreclosure action. Debtor to withdraw any Answer and counter claims in the Foreclosure Action.

h.  The transfer of the membership interests of the Debtor and the recording of the New Mortgage shall be made without the payment of any and all stamp, transfer, mortgage recording, and other taxes to which the exemption contained in section 1146 (a) of the Bankruptcy Code is applicable, including, without limitation, the New York State Real Estate Transfer Tax and Mortgage Recording Tax, and New York City Transfer Tax.

Class 1 is impaired under the Plan.

3.2    Class 2:  Alleged Secured Claim of Edith.

Treatment:  Edith has filed a Secured Claim in the amount of $900,000.00, which is disputed by the Debtor and an Unsecured Claim for that same amount.  As part of the settlement negotiated as part of the mediation, Edith withdraw its Unsecured Claim have an Allowed Secured Claim of $225,000.00.  Edith shall receive a payment on that Claim of $50,000.00 on the Effective Date and shall be given an unsecured promissory note for $175,000.00 payable within eighteen (18) months and which shall accrue interest at 2% per annum, with such interest to be paid upon maturity or earlier payment.  There shall be no prepayment penalty.  Edith shall deliver a release of its mortgage on or before the Effective Date and shall release DSL the Debtor and any and all guarantors on the Effective Date.  Edith shall withdraw its foreclose complaint and notice of pendency and provide that stipulation and a stipulation vacating the Notice of Pendency on or before the Effective Date. The Debtor shall withdraw all of its counterclaims in the foreclosure action and shall exchange mutual releases with Edith.

.

Class 2 is impaired under the Plan

Class 3-General Unsecured Claims.

Treatment.  Class consists of the following Allowed General Unsecured Claims:

| | |
|---|---:|
| Claim #1. NYS Department of Taxation | $410.18 |
| Claim #3. IRS | $6,388.77 |
| Claim #4. Consolidated Edison | $121.50 |
| Total Claims | $6,920.45 |

These Allowed Unsecured Claims shall be paid with interest at the Federal Judgment Rate in effect on the Confirmation Date, on the Effective Date with interest from the filing date.

This class does not include insider claims.  This Class is impaired.

Full Settlement. The treatment and consideration to be received by Holders of Allowed Class 3 Claims shall be in full settlement and final satisfaction of their respective Claims.

Class 3 is impaired under the Plan.

3.3. Class 4: Insider Claims.

Treatment. Class 4 consists of Allowed Insider Claims of loans made to Debtor from affiliates and Insiders of Debtor and/or its members which total $181,334.66. Class 3 Allowed Claims shall be subordinate to General Unsecured Claims. These Allowed Claims shall not be paid on the Effective Date and shall remain as liabilities of the Debtor.

Class 4 is impaired under the Plan.

3.4. Class 5: Interests.

Treatment. Class 5 consists of Allowed Interests and Claims of the shareholder of the Debtor. The President of the Debtor shall make a new value contribution of at least $50,000.00, and shall obtain all of the interests of Bruce Falloon in the Post-Confirmation Debtor. This transfer shall be exempt from any Exempt Taxes. Post-confirmation, the ex-husband of Dawn Foster shall continue to be employed as the property manager for the Debtor's Real Property at a salary of $2,500.00 per month consistent with the budget during the Chapter 11 case..

Class 5 is impaired.

**4. MEANS FOR EXECUTION OF THE WITHIN PLAN**

4.1) Debtor shall retain its Property.

4.2) Debtor shall effectuate the terms of the plan through the use of cash on hand in the Debtor, together with a new value contribution by Dawn Foster in the sum of at least $50,000.00. Debtor shall obtain: (i) the New Loan from DSL on the Effective Date for up to Eighteen Months on the terms set forth in the treatment of Class 1 and then from a third party lender to obtain the necessary funds to tender payment in full to DSL and Edith under the terms of the Plan. All documents related to the Confirmation of the Plan, including , but not limited to the Edith unsecured note, the General Releases and any recording documents, shall be agreed to and filed with the Court as a Plan Supplement at least ten (10) days prior to the Confirmation Hearing.

4.3) Debtor and the bankruptcy estate shall be exempt, as an "Exempt Tax" under Section 1.30 above, from any and all stamp, transfer, mortgage recording, and other taxes to which the exemption contained in Section 1146(a) of the Bankruptcy Code is applicable,

including, without limitation, the New York State Real Estate Transfer Tax and Mortgage Recording Tax, Mansion Tax, and New York State and any County Sales Tax, and the City of New York Transfer and Mortgage Recording Tax, relating to the financing contemplated in the treatment set forth in Classes 1 and 5 of the Plan and the financing to be obtained from a new lender within eighteen (18) months of the Effective Date of the Plan.

4.4) Debtor retains the right to recover any and all recoveries under chapter 5 of the Code which will remain property of the Debtor's Estate, and to pursue any and all pre and post-petition causes of action it may have against any party. However, as Debtor's Plan calls for a 100% Distribution to all creditors, Debtor does not believe there are any such Actions.

**5.    CLASSES OF CLAIMS IMPAIRED BY THE PLAN**

5.1) Classes 1 through 5 are impaired under this Plan.

**6.    PROVISIONS CONCERNING DISTRIBUTIONS**

6.1) <u>Manner of payments under the Plan</u>. Payments to be made pursuant to the Plan shall be made by check drawn on a domestic bank.

6.2) <u>Rounding to the nearest dollar</u>. Any other provision of the Plan to the contrary withstanding, no payments of portions of a Dollar will be made. Whenever any payment of a portion of a Dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole Dollar (up or down).

6.3) <u>Unclaimed cash</u>. Except as otherwise provided herein, in the event any claimant fails to claim any cash within six (6) months from the date such cash is distributed, such claimant shall forfeit all rights thereof, and to any and all future payments, and thereafter the claim for which such cash was distributed shall be treated as a Disallowed Claim. In this regard, distributions to claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Court or, if no proof of claim is filed, on the schedules filed by the Debtor, or to such other address as may be designated by a claimant in a writing delivered to the Debtor, with a copy to the Debtor's counsel at least one week prior to the distribution. All unclaimed cash shall be redistributed with the next distribution.

6.4) <u>Distributed payments or distribution</u>. In the event of any dispute between and among claimants (including the entity or entities asserting the right to receive the disputed payment or distribution) as to the right of any entity to receive or retain any payment or distribution to be made to such entity under the Plan, they may, in lieu of making such payment or distribution to such entity, make it instead into an escrow account or to a disbursing agent, for payment or distribution as ordered by a court of competent jurisdiction or as the interested parties to such dispute may otherwise agree among themselves.

Field Code Changed

6.5) **Full and Final Satisfaction.** Except as otherwise provided in or to enforce the Plan or Confirmation Order, on or after the Effective Date all Entities that have held, currently hold, or may hold, a Claim, Lien, Interest or other liability against or in the Debtor that would be discharged or satisfied upon confirmation of the Plan and the Effective Date but for the provisions of Bankruptcy Code § 1141(d)(3) are permanently enjoined from taking any of the following actions on account of such Claim, Lien, Interest or right: (a) commencing or continuing in any manner any action or other proceeding on account of such Claim, Lien, Interest, or right against the Post-confirmation Estate, Post-confirmation Estate Assets, any Property that is to be distributed under the Plan, or the Post-confirmation Debtor, Debtor's principals and guarantors that have indemnification claims against the Debtor; or (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Post-confirmation Estate, Post-confirmation Estate Assets, any Property to be distributed under the Plan, or the Post-confirmation Debtor.

6.6) **Except as otherwise provided in the Plan or the Confirmation Order, on or after the Effective Date all Creditors of, Claimants against, Interest Holders of, and Entities having or claiming an interest of any nature in the Post-confirmation Estate are hereby permanently enjoined and stayed from pursuing or attempting to pursue any action, commencing or continuing any action, employing any process, or any act against the Post-confirmation Estate, Post-confirmation Estate Assets, any Property that is to be distributed under the Plan, or the Post-confirmation Debtor, Debtor's principals and guarantors that have indemnification claims against Debtor on account of or based upon any right, claim or interest which any such Creditor, Claimant, Interest Holder, or other Entity may have had prior to the entry of the Confirmation Order.**

6.7) Release. Except as otherwise specifically provided herein, (subject to the occurrence of the Effective Date) all Holders of Claims and Interest, release the Debtor's officers, directors, employees, and other agents, financial advisors, consultants, attorneys, provided, however, with respect to the professionals, that nothing herein shall contravene the requirements of 1.8(h)(1) of the New York State Rules of Professional Conduct, and accountants (in such capacity), and their respective assets and properties from any debt, charge, Causes of Action, liability, encumbrance, Lien, security interest, Claim, Interest, or other cause of action of any kind, nature or description (including, but not limited to, any claim of successor liability), other than a right to pursue a claim based on any criminal conduct, gross negligence or willful misconduct, including any breach of fiduciary duty constituting gross negligence or willful misconduct, that arose before the Confirmation Date, and any debt of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not a proof of Claim or Interest is or could have been filed or is deemed filed, and whether or not such Claim or Interest is or could have been Allowed.

6.8) Exculpation. In consideration of the Distributions under the Plan, upon the Effective Date, each Holder of a Claim (excluding DSL) or Interest will be deemed to have released the

Debtor, and each of its directors, partners, members, officers, agents, consultants, attorneys, independent accountants, advisors, Professionals, financial advisors, investment bankers and employees (in such capacity), employed by the Debtor from and after the Filing Date from any and all Causes of Action, <ins>other than a right to pursue a claim based on any criminal conduct</ins> <del>and the right to pursue a claim based on any</del><ins>.</ins> gross negligence or willful misconduct, including any breach of fiduciary duty constituting gross negligence or willful misconduct) arising out of actions or omissions during the administration of the Chapter 11 Case, the administration of the Estate and/or the Post-confirmation Estate, or the Distribution of any Property or Post-confirmation Estate Assets pursuant to the Plan. For the <del>avoinance</del><ins>avoidance</ins> of doubt, DSL does release any of the aforementioned individuals and/ or entities under this paragraph.

## 7. TREATMENT OF EXECUTORY CONTRACTS AND LEASES

7.1) Any and all executory contracts or leases of the Debtor that are not expressly assumed and assigned herein, or in the Order confirming the Plan, or by an Order of the Bankruptcy Court prior to the Effective Date or pursuant to a proceeding or motion commenced prior to the Consummation Date, are hereby rejected pursuant to Section 365 of the Bankruptcy Code.

7.2) Any entity whose claim arises from rejection of an executory contract or lease shall, to the extent such claim becomes an allowed claim, have the rights of an unsecured creditor with respect thereto.

7.3) Any entity who has a claim against the Debtor by virtue of the operation of Section 7.2 may file a claim with the Clerk of the Court and serve a copy of same upon the Debtor and Debtor's counsel within thirty five (35) days following the Confirmation Date or order authorizing such rejection, whichever is earlier. If such claim is not filed within the specified time, it shall be forever barred from assertion against the Debtor or its property.

## 8. PROCEDURES FOR RESOLVING DISPUTED CLAIMS

8.1) <u>The Time for Objections to Claims.</u> Objections to Claims shall be filed by the Debtor with the Court and served upon each holder of each of the Claims to which objections are made not later than thirty (30) days after the Confirmation Date or within such other time period as may be fixed by the Court, except that unless otherwise extended by Order of the Court, the Debtor may file an objection to the allowance of any Claim filed resulting from the rejection of an executory contract on the later of 45 days following the Confirmation Date or within 45 days after the filing of such Claim and service of a copy of such Claim upon the Debtor as provided for herein.

8.2) <u>Resolution of Disputed Claims</u>. Unless otherwise ordered by the Court, the Debtor shall litigate to judgment, settle or withdraw objections to Disputed Claim, in its sole discretion, without notice to any party in interest.

      8.3)   <u>Payments</u>.  Payments and distributions to each holder of a disputed claim that ultimately becomes an allowed claim by a Final Order of the Court shall be made in accordance with the Plan.  Such payments and distributions shall be made within thirty (30) days after the later of the Distribution date or the entry of a Final Order allowing such Claim.  Payments made in accordance with this Section shall not include interest on the amount of such payment.

      All Distributions under the Plan to any Holder of an Allowed Claim shall be made at the address of such Holder as set forth on the lists to be provided by the Debtor to the Post-confirmation Debtor unless the Post-confirmation Debtor has been notified in writing after the Effective Date of a change of address.  Any Entity that is entitled to receive a Cash Distribution under the Plan but that fails to cash a check within one hundred twenty (120) days of its issuance shall be entitled to receive a reissued check from the Post-confirmation Debtor for the amount of the original check, without any interest, if such Entity (i) requests, in writing, the Post-confirmation Debtor to reissue such check, and (ii) provides the Post-confirmation Debtor with such documentation as the Post-confirmation Debtor requests to verify in her/his sole discretion that such Entity is entitled to such check.  If an Entity fails to cash any check within one hundred twenty (120) days of its issuance or fails to request re-issuance of such check within one hundred twenty (120) days of its issuance, such Entity shall be deemed to have forfeited the amount of the Distribution or Post-confirmation Estate provided for in such check.  Any such forfeited Distributions shall revert to the Post-confirmation Estate and the Claim of any Holder or successor to such Holder with respect to such forfeited Distributions shall be discharged and forever barred, notwithstanding any other provisions in the Plan or any federal or state escheat laws to the contrary.

      In the event that any Distribution to any Holder of an Allowed Claim is returned to the Post-confirmation Debtor as undeliverable, no further Distributions will be made to such Holder unless and until the Post-confirmation Debtor is notified in writing of such Holder's then-current address.  All claims for undeliverable Distributions for which no check is issued, must be made within one hundred twenty (120) days of the issuance of the original check.  After such date, all unclaimed Distributions shall revert to the Post-confirmation Estate and the claim of any Holder or successor to such Holder with respect to such Distribution shall be forfeited, discharged and forever barred, notwithstanding any provisions in the Plan or any federal or state escheat laws to the contrary.  Upon such forfeiture of Cash or other Post-confirmation Estate property, such Cash or Post-confirmation Estate Assets shall be the Real Property of the Post-confirmation Estate.

### 9. **DEFAULT**

      9.1)   Failure of the Debtor to make the cash distributions required under the Plan to any and all creditors within 30 days of the distribution date or failure of the Debtor to comply with any of the covenants or obligations contained in the Plan, which failure shall remain uncured for a period of ten (10) days after notice and an opportunity to cure, shall constitute a default under the Plan.  The foregoing shall not be construed to prevent the implementation of any modification of the Plan, in accordance with the provisions of the Bankruptcy Code.

**10.    RETENTION OF JURISDICTION**

10.1)    The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in Section 1127(b) of the Code.

10.2)    Notwithstanding entry of the Confirmation Order, or the occurrence of the Effective Date or Consummation of the Plan, the Chapter 11 Case having been closed, or a Final Decree having been entered, the Bankruptcy Court (or the District Court, as the case may be) shall have and retain jurisdiction of matters arising out of, and related to the Chapter 11 Case and the Plan under, and for the purposes of Sections 105(a), 1127, 1142 and 1144 of the Bankruptcy Code and for, among other things, the following purposes:

(a)    To consider any modification of the Plan under Bankruptcy Code § 1127 and/or modification of the Plan before "substantial consummation" as defined in Bankruptcy Code § 1101(2), and to consider any modification of the Plan to cure any defect or omission, or reconcile any inconsistency in the Plan, the Disclosure Statement or in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order. The Plan may not be materially modified post-confirmation without a notice and a hearing.

(b)    To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, if any, and allowance of Claims resulting therefrom.

(c)    To (i) hear and determine any Claim or Cause of Action arising in or related to the Chapter 11 Case; and (ii) to adjudicate any Causes of Action or other proceedings currently pending or which may be commenced by the Post-confirmation Debtor after the Effective Date or otherwise referenced herein or elsewhere in the Plan, including, but not limited to, the adjudication of any Causes of Action and any and all "core proceedings" under 28 U.S.C. § 157(b), which are or may be pertinent to the Chapter 11 Case and which the Post-confirmation Debtor may deem appropriate to commence and prosecute in support of implementation of the Plan.

(d)    To determine any and all adversary proceedings, applications, and contested matters filed or commenced by the Post-confirmation Debtor after the Effective Date, including, without limitation, any Causes of Action.

(e)    To ensure that Distributions are accomplished as provided in the Plan.

(f)    To hear and determine any objections to Administrative Expense Claims, to Proofs of Claim, or to Claims and Interests filed and/or asserted both before and after the Confirmation Date, including any objections to the classification of any Claim or Interest, and to allow or disallow any disputed Administrative Expense Claim, Claim or Interest, in whole or in part, and any request for estimation of Claims.

(g) To protect the Post-confirmation Estate from adverse Claims or interference inconsistent with the Plan, including to hear actions to quiet or otherwise clear title to such property of the Post-confirmation Estate based upon the terms and provisions of the Plan, including, without limitation, with respect to the Real Property.

(h) To (i) enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated; (ii) to issue such orders in aid of execution of the Plan as may be necessary and appropriate, to the extent authorized by Bankruptcy Code § 1142; and (iii) to interpret and enforce any Orders previously entered in the Chapter 11 Case to the extent such Orders are not superseded or inconsistent with the Plan.

(i) To hear and determine all applications for compensation and reimbursement of expenses of Professionals under Bankruptcy Code §§ 330, 331, and 503(b) for services rendered and expenses incurred prior or subsequent to the Confirmation Date.

(j) To hear and determine all litigation, Causes of Action and all controversies, suits and disputes that may arise in connection with the interpretation, implementation or enforcement of the Plan, including but not limited to, any and all litigation and/or Causes of Action brought by the Debtor, whether such litigation and/or Causes of Action is/are commenced either prior to or after the Effective Date.

(k) To hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 345, 505, and 1146.

(l) To enter a Final Decree closing the Chapter 11 Case. Within 14 days following the full administration of the Debtors' estate, the Debtors shall file, on notice to the United States trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022

(m) To consider and act on the compromise and settlement of any litigation, Claim against or Cause of Action asserted in connection with the Chapter 11 Case or the Post-confirmation Estate.

(n) To hear and determine all matters and disputes relating to the Auction and the Closing.

10.3) Without limiting the generality of the foregoing and notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Post-confirmation Estate after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection herewith or therewith, including, without limitation, any Entities' obligations incurred in connection herewith or therewith, including without limitation, any action against the Post-confirmation Debtor or any or all of the Post-confirmation Debtor's professionals or the Post-

confirmation Estate, and any action seeking turn over or recovery of assets included in the Post-confirmation Estate.

**11.    MISCELLANEOUS PROVISIONS**

11.1)   Payment Dates.   If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or legal holiday, then the making of such payment or the performance of such act may be completed on the next succeeding business day, but shall be deemed to have been completed as of the required date.

11.2)   Notices.   Any notice to be provided under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid upon Debtor, addressed as follows:

Additional copy shall be sent to Debtor's counsel by first class mail, telefax or by hand delivery, addressed as follows:

>   Rosen, Kantro & Dillon, PLLC
>   38 New Street
>   Huntington, New York  11743
>   FAX # (631) 423-4536

All payments, notices and requests to Claimants, shall be sent to them at their last known address.  The Debtor or any Claimant may designate in writing any other address for purposes of this Section, which designation shall be effective upon receipt, which receipt shall be deemed to be on the third business day after mailing.  Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

11.3)   Professional Fees.   Following the Confirmation Date, the estate of the Debtor shall be responsible for payment, and shall pay reasonable compensation and reimbursement of expenses due to professionals retained by Debtor (the "Professionals"), for services rendered post-confirmation. Payment shall be made upon the submission of invoices, by the Professionals to the Debtor, within ten (10) days of receipt of the invoices, without approval or review by the Court, unless an objection is raised.  In the event an objection is raised, then appropriate applications for reimbursement shall be made to the Court and paid upon order of the Court.

11.4)   Headings.   The headings used in the Plan are inserted for convenience only and are not to be deemed a substantive portion of the Plan nor in any manner do they affect the provisions of the Plan.

11.5)   Severability.   Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

11.6) <u>Governing Law.</u>  Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

11.7) <u>Successors and Assigns.</u>  The rights and obligations of any entity named or referred to in the Plan shall be binding upon and shall inure to the benefit of, the successors and assigns of such entity.

11.8) <u>Re-vesting of Property upon Confirmation.</u>  Upon the confirmation of this Plan, the debtor shall be re-vested with legal and equitable title to its property and the property of the estate.

Dated: Huntington, New York
~~November 27~~<u>December 12</u>, 2018

                303 DEAN REALTY INC.,

                By:_s/Dawn Foster_____
                   Dawn Foster, President


                 _s/ Bruce Falloon_____
                Bruce Falloon, Sole Shareholder


                Rosen, Kantrow & Dillon, PLLC
                Attorneys for Debtor

                By:_s/Avrum J. Rosen_____
                Avrum J. Rosen
                38 New Street
                Huntington, NY 11743
                (631) 423-8527
                arosen@rkdlawfirm.com